# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LEE BROOKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. P. METTS, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01539-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A FRESNO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 9)<br><br>**THIRTY DAY DEADLINE** |

Plaintiff Barry Lee Brookins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's amended complaint, filed June 8, 2018. (ECF No. 9.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

1

1 that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915. Plaintiff names as defendants (1) Dr. P. Metts, doctor at C-Facility Clinic; (2) AB, the Trust Accountant Office; (3) P. Martinez, health care appeals coordinator; (4) C. Cryer, Chief Executive Officer; (5) Daniel Newton, CP; (6) J. Lewis, Deputy Director of Policy and Risk Management Services, California Correctional Health Care Services; and (7) L. Sherwood, Trust Accountant Office. The alleged violations occurred at California Substance Abuse and Treatment Facility (SATF) in Corcoran, California.

///

Plaintiff alleges that on December 12, 2016, while at SATF, Dr. Metts informed Plaintiff to take his old back brace to CTC when they called for him, where he could exchange it to be issued a new one. The next day, a 193 trust withdrawal was sent from medical to the Trust Accounts Office to place a hold on Plaintiff's account for $684.46 for a back brace. This is in a CDCR 22 request form by AB, dated February 23, 2017, which states as follows:

> The trust office received a signed CDC 193 dated December 13, 2016 from medical authorizing a charge of $684.46 for a back brace. Any discrepancies, you must contact medical. The obligation has been released. However, $153.35 was charged to your account.

(Am. Compl., ECF No. 9, at 5.) This form was filled out by Daniel Newton, CP.

On December 27, 2016, Plaintiff was called to CTC to be issued his back brace by Daniel Newton, CP. Plaintiff was asked to sign a 7536 form that he received his medical equipment. Newton had not been concerned with the one-for-one exchange back brace.

On January 8, 2017, Plaintiff received funds, and all of it was taken ($153.35). Plaintiff attempted to return the new back brace or exchange the old one to resolve his money being extorted from him. During a January 4, 2017 interview with Dr. Metts regarding the one-for-one exchange for the back brace, it now appears the information given on December 12, 2016 had been misleading information.

On January 20, 2017, another interview was conducted with Dr. Metts to resolve this matter. Dr. Metts said it was out of his hands. At another interview on January 24, 2017, Plaintiff was advised by RN Linsey to appeal the matter.

On March 21, 2017, Plaintiff spoke with Dr. Metts again, and he again said that there was nothing he could do about it.

It was made clear in a HC 602 17065001 dated May 29, 2017 that there had been a discrepancy. Defendant Sherwood did not rectify the matter. Medical appeals coordinator P. Martinez had an opportunity on July 7, 2017 to correct the matter, but did not do so. P. Martinez found that the 193 trust withdrawal did not have to be filled out by the patient, but only signed by the patient.

///

**III.**

**DISCUSSION**

**A.   Deprivation of Property**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 5563 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

In this case, Plaintiff alleges that after he signed a document merely to show that he received a new back brace, the form was taken and information was forged on the form, including his name and authorization for a debit of his trust account. This was against policy, against his intentions, and done without any authority. Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to him. Hudson, 468 U.S. at 533. Here, Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff has failed to state a cognizable claim for the alleged deprivation of his personal property. This deficiency cannot be cured by amendment.

**B.   Inmate Appeal Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Here, Plaintiff asserts that his appeals were improperly handled because the investigators merely took the fact that his signature was on the form as conclusive evidence that the debit for his trust account was authorized. They did not investigate his information that he did not agree to the

debit, that the funds were taken under false pretenses, that the filling out of the form was unauthorized, and that the taking of his funds was unlawful. Plaintiff asserts that the appeals process resulted in the wrong outcome.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). That is, liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal. Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

To the extent Plaintiff is dissatisfied with the outcome of the investigation, that is not a basis for a plausible due process claim. To the degree plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon his allegedly inadequate investigation, there is no such claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); Page v. Stanley, No. CV 11–2255 CAS (SS), 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

///

///

### C. Equal Protection

Plaintiff also alleges that his equal protection rights were violated. The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). The second requires that Plaintiff have received disparate treatment compared to other similarly situated inmates without a rational basis for that difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). For either theory, Plaintiff must show evidence of discriminatory intent. See Washington v. Davis, 426 U.S. 229, 239-40 (1976); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

Here, Plaintiff makes a blanket allegation that he is being discriminated against based on the forgery and wrongful taking of his funds, but he alleges no facts showing how his equal protection rights were violated. Plaintiff has not pleaded any facts showing discriminatory intent, disparate treatment, or intentional discrimination, and therefore has not stated an Equal Protection claim. His conclusory allegations that some discrimination must be occurring because other prisoners are not treated in this same manner are insufficient to state any equal protection claim.

Plaintiff was previously given these standards and granted leave to amend to attempt to state this claim, but he failed to cure the deficiencies. His allegations are largely the same as in his prior complaint. Therefore, further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

///

///

# IV.

# CONCLUSION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Further, for the reasons discussed above, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for the failure to state a claim upon which relief could be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 31, 2018**

UNITED STATES MAGISTRATE JUDGE